IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| FIXTURE SPECIALISTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL CONSTRUCTION COMPANY, L.L.C., KEATING CORPORATION, and LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendants. | Action No. 3:07–CV–570 |

MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss by Liberty Mutual Insurance Company and a Motion to Dismiss for Lack of Jurisdiction by Global Construction Company. For the reasons stated below, these Motions shall be DENIED and this case shall be TRANSFERRED to the United States District Court for New Jersey.

1.

Global, a Delaware corporation whose principal place of business is either Houston, Texas or Philadelphia, Pennsylvania,[1] was the general contractor of a construction project in Princeton, New Jersey. Global hired Fixture Specialists, a Virginia corporation whose principal place of business is in Virginia, to perform plumbing work on the project. Pursuant to the

---

[1] In an affidavit executed on October 19, 2007, Peter Cocchia, an officer of Global, states that the company's principal place of business was Houston and is now Philadelphia. In a brief filed by Global on October 22, 2007, however, the company states that its principal place of business is Houston.

1

contract that it formed with Global, Fixture Specialists allegedly completed work for which Global refused to pay.  Subsequently, Fixture Specialists filed suit in the Circuit Court of Caroline County, Virginia, seeking damages for breach of contract of $1,036,557 from Global, Keating Corporation (Global's alleged successor-in-interest), and Liberty Mutual, which executed a labor-and-materials bond on the project with Global.  Fixture Specialists makes a claim on that bond in its complaint.  The bond contains a forum-selection clause, which states that "[n]o suit or action shall be commenced hereunder by any claimant … [o]ther than in state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere."  Pl.'s Compl. Ex. B.  Liberty Mutual removed Fixture Specialists' suit to this Court.  Now, Liberty Mutual and Global ask the Court to dismiss the suit because venue is improper.

2.

A motion to dismiss challenges the legal sufficiency of a claim, not the facts supporting it.  Conley v. Gibson, 355 U.S. 41, 45–46 (1957).  A court ruling on a motion to dismiss must regard as true all of the factual allegations in the complaint, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (June 4, 2007), and view them in the light most favorable to the plaintiff, Christopher v. Harbury, 536 U.S. 403, 406 (2002).  But, the court does not have to accept legal conclusions that are couched as factual allegations.  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (May 21, 2007).

A motion to dismiss on the basis of a forum-selection clause is governed by Federal Rule of Civil Procedure 12(b)(3).  Sucampo Pharms., Inc. v. Astellas Pharms, Inc., 471 F.3d 544, 550 (4th Cir. 2006).  Accordingly, a district court may dismiss a suit on the basis of a forum-selection clause without addressing whether it has jurisdiction over the parties.  Id. at 550 n.3; see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 127 S.Ct. 1184, 1191 (Mar. 5, 2007) (noting that a federal court may choose among threshold grounds for dismissing a suit).

3.

The venue statute governing this suit is 28 U.S.C. § 1391(a), which provides that

> "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Since Fixture Specialists alleges only breach of contract, a claim that is governed by state law, the Court's jurisdiction over this suit is based only on diversity.  And, since the defendants in this case do not reside in the same state and Fixture Specialists could have brought this suit in another district, venue would be proper in the Eastern District of Virginia only if "a substantial part" of the basis or subject of Fixture Specialists' claim occurred or is located in that district. See 28 U.S.C. § 1391(a).  The fact that the bond executed by Global and Liberty Mutual contains a forum-selection clause does not affect the Court's analysis of whether venue is proper. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28 n.8 (1988) (applying section 1391, not a forum-selection clause, to determine whether a suit was brought in the proper

venue); AC Controls Co. v. Pomeroy Computer Res., Inc., 284 F. Supp. 2d 357, 359 (W.D.N.C. 2003) (stating that section 1391 "does not call for courts to consider the parties' private contractual agreements when determining if venue is proper").

From the parties' pleadings it is clear that little, if any, part of this suit is related to the Eastern District of Virginia. The plumbing work for which Fixture Specialists alleges it is owed money was performed solely in New Jersey. The agreement between Fixture Specialists and Global regarding that plumbing work was formed in New Jersey, the parties' agreement is not governed by Virginia law, and Global alleges without contradiction that none of its employees visited Virginia to negotiate the agreement. Although Fixture Specialists alleges in the complaint that it filed in state court that "[t]he cause of action giving rise to this complaint occurred in [Caroline County, Virginia]," Pl.'s Compl. at 2, Fixture Specialists neither explains that allegation nor provides any evidence of any conduct relevant to this suit that occurred in Virginia. Thus, the Court finds that venue is not proper in the Eastern District of Virginia.

If a suit is filed in a federal court in which venue is improper, the court "shall dismiss [the case], or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1406(a) reflects "the express federal policy liberally allowing transfer of improper-venue cases." Johnson v. Ry. Exp. Agency, Inc., 421 U.S. 454, 467 n.12 (1975); cf. Sinochem, 127 S.Ct. at 1190–91 (stating that Congress, codifying the doctrine of forum non conveniens, a "supervening venue provision," "provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action"). A court may transfer a suit pursuant to section 1406(a) regardless

of whether it has personal jurisdiction over the defendants. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962).

Since "a substantial part" – in fact, nearly all – of the events or omissions giving rise to Fixture Specialists' claim occurred in New Jersey, this suit could have been brought there under section 1391(a). The forum-selection clause in the bond executed by Global and Liberty Mutual – on which Fixture Specialists makes a claim – supports that choice of forum. For these reasons, the Court concludes that it is appropriate to transfer this suit to the United States District Court for New Jersey.

It is SO ORDERED.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this ___14th___ day of November 2007